IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JEREMIAH RICHARDSON,<br><br>Plaintiff,<br><br>vs.<br><br>SHAWN L. LESNICK, and MUSSELSHELL COUNTY SHERIFF'S OFFICE,<br><br>Defendants. | CV 19-122-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

Plaintiff Jeremiah Richardson ("Richardson") brings this action against Defendants Shawn L. Lesnik ("Lesnik") and the Musselshell County Sheriff's Office ("Musselshell County"). (Doc. 6.) Richardson asserts claims for excessive force, assault and battery, respondeat superior, failure to adequately supervise or discipline, and punitive damages. (*Id.*) Richardson's claims arise out of an incident that occurred on May 23, 2016, when Lesnik executed a search warrant to seize a horse that was in Richardson's possession. (*Id.*) Judge Watters has referred the case to the undersigned under 28 U.S.C. § 636(b)(1)(B).

Presently before the Court is Defendants' Motion for Judgment on the Pleadings. (Doc. 15.) The motion is fully briefed and ripe for the Court's review. (Docs. 16, 19, 20.)

1

Having considered the parties' submissions, the Court **RECOMMENDS** Defendants' Motion be **GRANTED**.

## I.     BACKGROUND

In 2012, Thomas DeJaegher ("DeJaegher") hired Richardson to train a horse that DeJaegher owned.  Richardson was still in possession of the horse approximately three years later when the horse's return was requested, triggering a dispute between Richardson and the DeJaegher family over payment for training services and boarding expenses.  Richardson contends that although he and DeJaegher were in this dispute, Richardson told DeJaegher on May 22, 2016 that he was welcome to pick up the horse.

On May 23, 2016, Lesnik, then-Musselshell County Undersheriff, called Richardson to advise he planned to accompany DeJaegher to pick up the horse.  Richardson told Lesnik that the horse was at his mother's house in Roundup, Montana.

Later that same day, Lesnik and then-Musselshell County Sheriff Michael Thomas, along with Thomas DeJaegher and Corina DeJaegher went to Richardson's Mother's house.  Lesnik informed Richardson that he had obtained a search warrant to search the premises for the horse.  Richardson, Lesnik and Thomas went to the horse corral where four horses were located, including the one belonging to DeJaegher.  Richardson alleges that he warned Lesnik and Thomas

that two of the horses could be dangerous, and suggested he be allowed to catch DeJaegher's horse for them.  Lesnik declined Richardson's offer, and unsuccessfully tried to catch the horse himself for 45 minutes.  Richardson alleges Lesnik became frustrated and angry, and when Richardson entered the corral to help, Lesnik slammed him into a steal fence post and held him there.  Eventually Lesnik released Richardson and told him to catch the horse.  Thereafter, Richardson caught the horse and turned it over to Corina DeJaegher.

On September 4, 2019, Richardson commenced this action in Montana's Fourteenth Judicial District Court.  (Doc. 6.)  All of Richardson's claims relate to the events that took place on May 23, 2016.  Defendants removed the case to this Court on November 8, 2019.  (Doc. 1.)

Defendants now move for judgment on the pleadings on the basis that all of Richardson's claims are barred by the applicable statutes of limitations.  (Doc. 15.)  Richardson counters that his claims are not time-barred because his then-counsel submitted a letter to the Sheriff of Musselshell County on May 25, 2016, which tolled the statute of limitations.  (Doc. 19).

## II.   DISCUSSION

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  A Rule 12(c) motion is "functionally

identical" to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011). Thus, the same legal standard "applies to motions brought under either rule." *Id.*

A statute of limitations defense may be raised in a motion to dismiss. *Seven Arts Filmed Entm't Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013). "A claim may be dismissed on the ground that it is barred by the applicable statute of limitations only when 'the running of statute is apparent on the fact of the complaint.'" *Crawford v. Couture*, 2017 WL 9324789 *1 (D .Mont. Oct. 4, 2017), quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Von Saher*, 592 F.3d at 969.

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(c) motion without converting the motion into one for summary judgment.[1] *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th

---

[1] There are two exceptions to this rule. *Lee*, 250 F.3d at 688. The Court may consider "material which is properly submitted as part of the complaint," and "may take judicial notice of 'matters of public record'" without converting the motion into one for summary judgment *Id.* at 688-89; *United States v. 14.02 Acres of Land More or Less in Fresno Cnty.,* 547 F.3d 943, 955 (9th Cir. 2008). Neither exception applies here.

Cir. 2001) (citation omitted). Here, Richardson has presented matters outside the pleadings by filing a copy of the letter his prior counsel submitted to the Musselshell County Sheriff. (Doc. 19-1.)

  **A.** **Applicable Statutes of Limitations**

A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations. *Albano v. Shea Homes Ltd. Partnership,* 634 F.3d 524, 530 (9th Cir. 2011). This includes application of a state's tolling rules. *Id.* Montana's general rule is that the limitation period begins to run when all elements of the claim exist or have occurred. Mont. Code Ann. § 27–2–102.

Defendants argue – and Richardson does not dispute – that all of his claims are grounded on the events that took place on May 23, 2016. The statute of limitations on all of Richardson's claims therefore accrued as of May 23, 2016. As a result, Defendants contend the applicable limitations periods for all of Richardson's claims had run by the time he filed the complaint on September 4, 2019.

Richardson's excessive force claim (Count I) is governed by Montana's three-year statute of limitations. *Kortlander v. Cornell*, 816 F.Supp.2d 982 (D. Mont. 2011); *Robinson v. Morse*, 2007 WL 4197491 (D. Mont. 2007). Richardson

alleges the acts of excessive force took place on May 23, 2016. On its face, Count I is therefore, time-barred.

Assault and battery claims are subject to a two-year limitations period. Mont Code Ann. § 27-2-204(3). Richardson's assault and battery claim (Count II) is therefore time-barred.

The Montana statute of limitations on state tort actions, including claims for negligence, is typically three years. Mont. Code Ann § 27-2-204. Richardson's failure to adequately supervise or discipline claim (Count IV), which is grounded in negligence, is also time-barred.

Richardson pleads a *respondeat superior* claim (Count III) to hold Musselshell County liable for the actions of its employee, Lesnik. "[R]*espondeat superior* is not a free-standing or independent tort cause of action; rather, it is a doctrine of the law of agency by which the consequences of one person's actions may be attributed to another person." *Saucier ex rel. Mallory v. McDonald's Restaurants of Mont., Inc.*, 179 P.3d 481, 495 (Mont. 2008).

The only claim upon which Richardson could potentially assign *respondeat superior* liability to Musselshell County for Lesnik's actions is the assault and battery claim in Count II.[2] Thus, Richardson's *respondeat superior* claim is

---

[2] A local governmental entity cannot be found liable under § 1983 under a *respondeat superior* theory of liability. *Board of County Commissioners v. Brown*,

governed by the statute of limitations applicable to the underlying assault and battery claim.  *Swan v. Matthews*, 555 F. Supp. 495, 498 n.1 (D. Mont. 1982); *Thieltges v. Royal All. Assocs., Inc.*, 334 P.3d 382, 385 (Mont. 2014).  As noted above, a two-year statute of limitations applies to assault and battery.  Because the assault and battery allegedly took place on May 23, 2016, the *respondeat superior* claim is time-barred.

Finally, Richardson asserts a claim for punitive damages (Count V).  Under Montana law, punitive damages is a remedy, not an independent cause of action. *Hackley v. Hackley*, 2018 WL 6985182, at *11 (Mont. Dist. June 27, 2018); *Gersh v. Anglin*, 2018 WL 4901243, *3, n.2 (D. Mont. May 3, 2018), *report and recommendation adopted*, 353 F.Supp.3d 958 (D. Mont. 2018) (noting that because a claim for punitive damages is not an independent cause of action, whether it survives a motion to dismiss depends on whether the plaintiff's substantive tort claims survive).  Because all of Richardson's underlying claims are time-barred, the claim for punitive damages is likewise untimely.

### B. Whether the Statute of Limitations was Tolled

Richardson asserts the statute of limitations was tolled because he submitted an administrative claim to Musselshell County.  In support of his argument,

---

520 U.S. 397, 403 (1997).  As such, Musselshell County is not liable for excessive force under a *respondeat superior* theory.

Richardson attached an unauthenticated copy of a May 25, 2016 letter to his response brief. (Doc. 19-1.) Richardson argues his prior counsel sent the letter to the Musselshell County Sheriff's Office, and the County never responded. Richardson contends the letter constituted notice of a claim under Mont. Code Ann. § 2-9-301, and the County's failure to respond to the letter tolled the statute of limitations from running.

By presenting matters outside the pleadings, Richardson has invited the Court to convert Defendants' Rule 12(c) motion for judgment on the pleadings into a Rule 56 motion for summary judgment. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).[3]

---

[3] Rule 12(d) further provides that if the Court intends to convert a motion for judgment on the pleadings to a motion for summary judgment, the parties must be given notice and a "reasonable opportunity to present all the material that is pertinent to the motion." Fed.R.Civ.P. 12(d). In the Ninth Circuit, "notice is adequate if the party against whom judgment is entered 'is fairly apprised' that the court will look beyond the pleadings, thereby transforming the motion to dismiss into a motion for summary judgment." *Grove v. Mead School Dist. No. 354*, 753 F.2d 1528, 1532-33 (9th Cir. 1985). Where, like here, a represented party submits matters outside the pleadings in support of its resistance to a motion to dismiss, the party has adequate notice that the judge may use the extrinsic material to decide the motion as a motion for summary judgment. *Id.* at 1533; *Madewell v. Downs*, 68 F.3d 1030, 1048 (8th Cir. 1995). Accordingly, to the extent the Court relies on the letter submitted by Richardson, the Court finds Richardson had adequate notice under Rule 12(d).

Defendants argue Richardson's letter should be disregarded because it is unauthenticated and therefore inadmissible. The Court agrees. The Ninth Circuit has "repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 20020). "In order to be considered by the court, 'documents must be authenticated by and attached to an affidavit that meets the requirements of [Fed.R.Civ.P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987). *See also United States v. Thomas*, 2014 WL 12543853, *2 (D. Mont. Nov. 4, 2014) ("A letter must be authenticated and accompanied by an affidavit in order to be considered.").

Here, Richardson failed to submit an affidavit authenticating the letter. As such, the letter is inadmissible. *Orr*, 285 F.3d at 773-78; *Thomas*, 2014 WL 12543853 at *3. On the basis of the pleadings alone, it is clear Richardson's claims are barred by the statute of limitations, and Defendants' motion should be granted. But, even if the Court were to consider the unauthenticated letter, the Court nevertheless finds dismissal is appropriate.

Under Montana law, all claims against a political subdivision must be "presented to and filed with the clerk or secretary of the political subdivision." Mont. Code Ann. § 2-9-301(3). Musselshell County is a political subdivision as

defined under § 2-9-101(5). Montana Code Ann. § 27-2-209(3) in turn provides: "Actions for claims against a county that have been rejected by the county commissioners must be commenced within 6 months after the first rejection."

The Montana Supreme Court has explained that "when a plaintiff timely files a claim against a county, the period of limitations is tolled and the six month limitation period for filing in district court does not begin to run until the claimant receives notice of the county's denial of the claim." *Estate of Woody v. Big Horn County*, 376 P.3d 127, 131 (Mont. 2016). Where a county receives a claim, but never denies or responds to the claim, the limitations period is tolled. *Id.*

A "claim" for purposes of § 27-2-209(3), is defined as "any claim against a governmental entity, for money damages only, that any person is legally entitled to recover as damages because of personal injury or property damage caused by a negligent or wrongful act or omission committed by any employee of the governmental entity while acting within the scope of employment, under circumstances where the governmental entity, if a private person, would be liable to the claimant for the damages under the laws of the state." Mont Code Ann. § 2-9-101(1).

Richardson asserts the May 25, 2016 letter was a claim that triggered § 27-2-209(3) and tolled the statute of limitations because Musselshell County never responded. The plain language of the letter's contents, however, demonstrates that

it does not constitute a "claim" for "money damages." The letter does not contain a specific request, demand, or statement that Musselshell County, the Sheriff, or the Sheriff's Office is obligated to pay damages to Richardson. Rather, the letter merely sought preservation of evidence while Richardson's then-counsel investigated the underlying facts. For example, the letter contained a heading in bold entitled "**REQUEST FOR PRESERVATION OF EVIDENCE**." (Doc. 19-1 at 2.) The letter further stated Richardson's counsel intended to "pursue early discovery" and requested that the Sheriff's Office preserve evidence to "enable a complete examination of the facts." (*Id.* at 3, 4.) The letter did not demand the County accept or reject any claim, nor did it request an affirmative response. (*Id.*) Thus, it is unsurprising that the County did not reply to the letter.

At most, Musselshell County was in receipt of information that Richardson's then-counsel intended to thoroughly examine the events of May 23, 2016. As such, the Court finds the May 25, 2016 letter was not a claim under § 27-2-209(3), and therefore, did not toll the statute of limitations.

Accordingly, the Court recommends Richardson's Complaint be dismissed in its entirety as time-barred.

## III.   CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings (Doc. 15) be **GRANTED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 19th day of June, 2020.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge