IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
AUG 10 2020
Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| JEREMIAH RICHARDSON,<br><br>  Plaintiff,<br><br>vs.<br><br>SHAWN L. LESNICK, and MUSSELSHELL COUNTY SHERIFF'S OFFICE,<br><br>  Defendants. | CV 19-122-BLG-SPW<br><br>ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |

The United States Magistrate Judge filed Findings and Recommendations on Defendants Shawn Lesnick's and Musselshell County's Motion for Judgment on the Pleadings. (Doc. 15.) The Magistrate recommended the Defendants' Motion be GRANTED. (Doc. 21.)

Pursuant to 28 U.S.C. § 636(b)(1), parties are required to file written objections within 14 days of the filing of the Magistrate's Findings and Recommendations. Federal Rule of Civil Procedure 6(d) extends that period by 3 days when a party is served by mail. No objections were filed. When neither party objects, this Court reviews the Magistrate's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and

1

firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

After reviewing the Findings and Recommendations, this Court does not find that the Magistrate committed clear error. Plaintiff Jeremiah Richardson's claims are time barred by the applicable statute of limitations. A federal court applies the substantive law of the forum state which includes the state's statute of limitations. *Albano v. Shea Homes Ltd. Partnership*, 634 F.3d 524, 530 (9th Cir. 2011). The parties do not dispute that the events underlying Richardson's claims all took place on May 23, 2016. Richardson filed his complaint on September 4, 2019. Richardson's claim for excessive force has a three-year statute of limitations (Count I), the assault and battery claim has a two-year statute of limitations (Count II), the failure to adequately supervise claim has a three-year statute of limitations (Count IV), and the respondeat superior claim (Count III), supposedly based on the same conduct as in the assault and battery claim, is likewise subject to a two-year statute of limitations. The limitation period for each of these claims expired well before September 4, 2019. Richardson also included a claim for punitive damages (Count V), but Montana law establishes a claim for punitive damages is a remedy and not an independent cause of action. *Hackley v. Hackley*, 2018 WL 6985182, at *11 (Mont. Dist. June 27, 2018).

Richardson argues that the statute of limitations should be tolled because of a letter submitted to Musselshell County by Richardson's attorney on May 25, 2016. However, Richardson failed to authenticate this letter by attaching an affidavit meeting the legal requirements of the Federal Rules of Civil Procedure. *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) (documents must be authenticated by an affidavit meeting the requirements of Fed.R.Civ.P. 56(e) with an affiant capable of admitting the evidence). Under a Rule 12(c) motion for judgment on the pleadings, a court may not consider material beyond the pleadings unless the court converts the motion into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 668 (9th Cir. 2001). Without an authenticated letter, this Court agrees with the Magistrate and is not persuaded to convert the present motion into a motion for summary judgment and consider the letter in Richardson's argument to toll the statute of limitations.

IT IS ORDERED that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 21.) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Defendants Shawn Lesnick's and Musselshell County's Motion for Judgment on the Pleadings is GRANTED.

DATED this 10th day of August, 2020.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge